# ORPHANS' COURT OF BALTIMORE CITY

Filed November 2, 1891.

### IN THE MATTER OF THE ESTATE OF MARY A. CONINE, DECEASED.

*Charles Marshall* and *E. Otis Hinkley* for petitioners.

*Wm. Pinkney Whyte* for executor.

LINDSAY, GANS and EDWARDS, J.J.—

This is a case of exceptions to commissions allowed by this Court to E. Calvin Williams, as administrator pendente lite in the above estate, filed by

Alfred H. Renshaw and Augusta W. Markley and her husband, Thaddeus Markley, which is duly answered by the said E. Calvin Williams.

The material facts, briefly stated, are that the said E. Calvin Williams was appointed by the testatrix in her will as one of her executors, and that in one clause thereof she bequeathed to him the sum of $5,000, and that in a subsequent clause she says: "As I have left to each of my executors legacies by this will, it is my will that said legacies to each of them respectively shall be in lieu of commissions as such executors." That the said Williams, on account of litigation occurring concerning the will, was afterwards appointed and became administrator pendente lite, and that for his services in this capacity the Court allowed him commissions in the sum of $3,644.99; that after the caveat to the will was dismissed the said Williams qualified as executor and the will was admitted to probate.

The petitioners therefore pray, that, as the said Williams became administrator pendente lite because he was appointed as the executor, and that as the said legacy of $5,000 was intended to be in lieu of his commissions as such administrator as well as executor, the said commissions be disallowed.

The respondent denies that said legacy was intended to be in lieu of the commissions allowed him as administrator pendente lite, and claims the right to retain them as such administrator.

Considering the whole case in view of the facts and the law bearing upon the facts which have been fully discussed by the respective counsel, the Court is clearly of the opinion that, while it has no power to construe a will, it has power to determine the commissions to be allowed the executor or administrator. In this case, we are not concerned with the commissions to the *executor*, as such, as these have been provided for and satisfied by the testatrix herself, in the legacy she bequeathed, which, admittedly, was to be in lieu of such commissions, farther than to say that we deem the compensation a liberal one, and are certainly not disposed to add to it. Code, Vol. II, Art. 93, Sec. 6. We are here concerned simply with the commissions allowed, or to be allowed to the same person, viz: E. Calvin Williams, in the capacity of *administrator pendente lite.*

Whether or not it was the intention of the testatrix to limit the bequest to the said Williams to his capacity, strictly and technically, as executor, or to have it extend to and cover his work as administrator pendente lite as well, or make it apply to the full and whole administration of the estate, whatever this might involve, this Court has no means of determining, and if we had such means and did determine this point, it might be found that to this extent we had transcended our legitimate jurisdiction.

But be this as it may (for we do not deem it essential to the case), we have no doubt as to our power to consider and fix the commissions to be allowed the administrator pendente lite. This, indeed, is not disputed where the person appointed is different from the executor in the will; nor even when the person appointed to this office is the same one who is chosen as the executor, if he be without a legacy in lieu of commissions. It is the legacy bequeathed to the executor as such in lieu of his commissions as executor that raises the question and produces the doubt as to our authority to allow any other or farther commissions for his services in settling the estate; all further commissions arising from any other intermediate administrations are, it is contended, excluded, the executor having contracted to complete the whole administration in consideration of the legacy already vested in him.

We cannot accede to this view. It is our opinion, notwithstanding the strong arguments of the exceptant's counsel, that no sufficient reason has been presented to sustain this position. The character of the administrator pendente lite is equally distinct and well founded as that of the executor. He is required to give bond just as the executor is, and his powers, though not as extensive, are equally as valid and efficient, and if he and the executor are the same person, it is his bond as administrator pendente lite, and not his bond as executor, that is liable for all his illegal, fraudulent and other acts by which the estate is lost or squandered by such administrator. The commissions received by the executor, whether by legacy or otherwise, do not

answer in law the demand arising from the administrator pendente lite for commissions in his capacity as such administrator. It is also liable for the payment of the tax on his commissions as such administrator; and the statute directs the said bond to be put in suit for this tax when it cannot otherwise be collected. And even where the administrator or executor does not wish or ask for commissions, it is made the duty of the Court to allow something in the way of commissions, on which the State may collect its tax; so that the Court cannot feel free, in any circumstances, to refuse commissions altogether in any case to an administrator pendente lite, which, it is contended in this case, that the Court ought to do. Code, Art. 81, Secs. 97, 98, 99.

There are many other lights in which the same point might be further viewed, as the learned counsel in their discussion of the subject have abundantly demonstrated, but this, as it seems to us, is sufficient to show that the administrator pendente lite is not swallowed up by the executor, or so blended with him as to lose his proper selfhood; and that while he may not have an absolutely independent ground on which to stand, it is sufficiently so to enable him to stand firmly, whatever legacy (which cannot change the law), may be given him as *executor*, in lieu of his commissions as such executor.

But we are equally clear in the opinion that, in determining the *amount* of commissions which ought to be allowed the administrator pendente lite, the Court may and ought to take into consideration, and be reasonably governed thereby, the legacy bequeathed to the executor. Doing this, in the present case, with the fuller light now shed upon it, we are of the opinion that the commissions heretofore given are higher than they ought to be, and that the following rates would be proper: On the first $20,000 at 4 per cent., and on the balance at 2 per cent.

Wherefore, it is ordered and decreed this 31st day of October, 1891, that the appointment of an executor by a testator and the bequest of a legacy by him to such executor in lieu of commissions as such executor, cannot deprive the Orphans' Court of its power under the law to allow to the same person appointed as administrator pendente lite commissions for his services in the latter capacity.

It is further ordered and decreed that the order fixing the commissions in this case be rescinded, and that the rates be changed to the following: On the first twenty thousand dollars, at 4 per cent., and on the balance at two per cent.

It is finally ordered and decreed that the costs be divided equally between the parties.